**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No.: 1:24-cv-00315-SDN |
| | ) | |
| v. | ) | |
| | ) | |
| **THE STATE OF MAINE,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**JOINT MOTION FOR CONSENT CONFIDENTIALITY ORDER**

Pursuant to Local Rule 26(d), Plaintiff, the United States of America, and Defendant, the State of Maine (collectively, the "Parties"), hereby move for the entry of the proposed Consent Confidentiality Order ("Proposed Order"), attached as **Exhibit A**.[1]

1. The Proposed Order modifies the Form Confidentiality Order set forth in Appendix II to the Court's Local Rules in the following material ways:

    a. Pursuant to the Parties' Joint Motion to Dismiss and Retain Jurisdiction, the Parties anticipate exchanging information to comply with and further implementation and enforcement of the Settlement Agreement. The Parties thus have modified language throughout to reflect this action's procedural posture.

    b. The "Reading Room" provisions have been removed, as the volume of documents that have been or may be produced in this action is unlikely to be

---

[1] A Microsoft Word version of the Proposed Order set forth in Exhibit A will be emailed to the Court's "Newcases.portland@med.uscourts.gov" mailbox contemporaneously with the filing of this Motion.

    so extensive as to warrant review at a Party's facility or other physical or electronic controlled location.

c. Other case-context specific provisions (e.g., regarding putative class actions, and optional passages) have also been removed from the Proposed Order.

d. Paragraph 1 has been revised to clarify that nothing in the Proposed Order supersedes other applicable regulatory and statutory obligations regarding the disclosure of information. It also has been revised to clarify that nothing in the Proposed Order is intended to require the State to disclose certain categories of records to the United States.

e. Paragraph 2 has been modified to include third parties and state that a failure to designate correctly any confidential information produced does not waive the protections that would otherwise attach to the confidential information.

f. Paragraph 3 has been revised to include third parties and specify categories of documents that may be deemed "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

g. Paragraph 4 has been modified to include a fair use provision.

h. Paragraph 6(b) has been revised regarding the categories of persons to whom disclosure of documents designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" is authorized. Among other changes, these revised paragraphs provide that "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" documents may be disclosed to staff and consultants to further compliance with the Settlement Agreement.

i. Paragraph 6(c) has been revised to require the parties to maintain the originals of the forms signed by persons acknowledging their obligations under this Order for the duration of the Settlement Agreement.

j. Paragraph 6(e) has been added to cover documents produced by third parties.

k. Paragraph 7 has been revised to require that all confidential information be redacted, rather than solely nonessential confidential information, and to include third parties.

l. Paragraph 9 has been modified to include third parties.

m. Paragraph 12(a) has been modified to reference termination of the action.

n. Paragraph 12(b) has been revised to require that within 30 days after the Settlement Agreement is terminated, all documents treated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" be destroyed unless the document has been offered into evidence or filed without restriction as to disclosure.  It further has been revised to reflect that counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product.  It has been further revised to clarify that it does not displace or override applicable regulatory and statutory obligations regarding record retention and maintenance or disclosure or otherwise require a party or non-party to destroy documents it produced under this Order.  It finally has been further revised to clarify that Parties are not required to manually delete any data from disaster recovery or backup systems even if that data may contain

copies or fragments of such materials unless it is overwritten or destroyed in the ordinary counsel of records management.

2. Pursuant to Local Rule 26(d), attached as **Exhibit B** is a version of the Proposed Order that shows, in redline, the proposed modifications to the Form Confidentiality Order set forth in Appendix II to the Court's Local Rules.

WHEREFORE, the Parties request that the Proposed Order be entered.

Dated:  November 26, 2024

REBECCA B. BOND
Chief

ANNE S. RAISH
Principal Deputy Chief

JENNIFER K. MCDANNELL
Deputy Chief

/s/ Victoria Thomas
VICTORIA THOMAS
MARGARET GIRARD
DANIELLE ROSENTHAL
Trial Attorneys
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 353-5137
Facsimile: (202) 307-1197
victoria.thomas@usdoj.gov

*Counsel for Plaintiff United States of America*

Respectfully submitted,

AARON M. FREY
Attorney General, State of Maine

THOMAS A. KNOWLTON
Deputy Attorney General
Chief, Litigation Division
thomas.a.knowlton@maine.gov

/s/ Kimberly L. Patwardhan
KIMBERLY L. PATWARDHAN
Assistant Attorney General
kimberly.patwardhan@maine.gov

Office of the Maine Attorney General
6 State House Station
Augusta ME 04333-0006
Telephone: (207) 626-8880
Facsimile: (207) 287-3145

*Counsel for Defendant State of Maine*

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 26, 2024, I electronically filed this document and any attachments with the Clerk of the Court using the CM/ECF system; that the same will be sent electronically to registered participants as identified in the CM/ECF electronic filing system for this matter.

Dated: November 26, 2024  /s/ Victoria Thomas
VICTORIA THOMAS
Trial Attorney
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 353-5137
Facsimile: (202) 307-1197
victoria.thomas@usdoj.gov