# EXHIBIT B

~~**APPENDIX II**~~
~~**(As amended January 1, 2013)**~~

~~**FORM CONFIDENTIALITY ORDER**~~

~~**[This Form Confidentiality Order shall be submitted under L.R. 26 (d). The form is available on the Court's website under "Forms" www.med.uscourts.gov]**~~

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| ~~Plaintiff~~ | |
| ~~v.~~ | ~~Civil No.~~ |
| | ~~[Consent]~~[1] ~~Confidentiality Order~~ |
| ~~Defendant~~ | |

~~[if by consent]~~

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **Civil Action No.: 1:24-cv-00315-SDN** |
| **v.** | |
| **THE STATE OF MAINE,** | **CONSENT CONFIDENTIALITY ORDER** |
| **Defendant.** | |

The United States of America (the "United States" or "Plaintiff") and the State of Maine (the "State" or "Defendant") (collectively, the "Parties") have agreed to share information to comply with and further the implementation and enforcement of the Settlement Agreement (ECF

---

[1] ~~Counsel should include or delete language in brackets as necessary to the specific case.~~

No. 17-2). The parties to this Consent Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

~~[if not fully by consent]   A party to this action has moved that the Court enter a confidentiality order.  The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court.  Accordingly, it is ORDERED:~~

1. **Scope.**  All documents produced in ~~the course of discovery, including initial disclosures~~ connection with this action, all ~~responses to discovery requests, all deposition~~ testimony and exhibits, and other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. Nothing in this Order, however, supersedes other applicable regulatory and statutory obligations requiring disclosure of information.  Further, notwithstanding anything to the contrary herein, this Protective Order does not authorize the United States to have access to, and does not require the State or a third party to provide to the United States, the following: **(a)** child protective services records protected from disclosure under 22 M.R.S. § 4008(1) that are in the possession of the Maine Office of Child and Family Services or their attorneys; provided however, that the foregoing shall not serve as a bar to providing the United States with records of medical or behavioral health assistance that are in the possession of the Maine Office of Behavioral Health or Office of MaineCare Services that are otherwise excepted under this paragraph; **(b)** adult protective services records, pursuant to 22 M.R.S. § 3474; **(c)** substance use disorder treatment records, pursuant to 42 U.S.C. § 290dd-2, 42 C.F.R. part 2, 5 M.R.S. § 20047;

and **(d)** client records in the possession of the Maine Department of Corrections, pursuant to 34-A M.R.S. § 1216, juvenile intelligence and investigative record information under 15 M.R.S. § 3308-A, and juvenile case records pursuant to 15 M.R.S. § 3308-C (other than the records discussed in the Settlement Agreement at Section IX(G)(2)).  This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.**  ~~A~~A party or a third party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents ~~[optional: except for documents produced for inspection under the "Reading Room" provisions set forth in paragraph 4 below]~~~~.~~.  The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  The failure to designate correctly any confidential information produced does not waive the protection otherwise attaching to the confidential information.

3. **Documents Which May ~~be~~Be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.**  Any party or a third party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER but only after ~~review of the~~

3

~~documents by an attorney[2] or a party appearing *pro se* who has in~~<ins>a</ins> good faith ~~determined~~<ins>determination</ins> that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or commercial information~~.~~ <ins>that should otherwise be subject to confidential treatment under Rule 26(c)(1).  Confidential personal information includes, but is not limited to: **(a)** social security numbers; **(b)** dates of birth; **(c)** addresses; **(d)** personal health information, including "protected health information" under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and the federal regulations promulgated pursuant to the authority granted under HIPAA (45 C.F.R. Parts 160, 162, and 164); and **(e)** any individually-identifiable information and records for **(1)** Children covered under the Settlement Agreement, and **(2)** such Children's biological family members, foster family members, caregivers, relatives, and persons included in any documents as a source of information.</ins>  The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure.  Information or documents that are available in the public sector may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

    4.  ~~**[This Reading Room paragraph may be appropriate only in cases involving extensive documents] Reading Room.**  In order to facilitate timely disclosure of a large number of documents that may contain confidential documents, but that have not yet been reviewed and designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, the following "Reading~~

---

[2] ~~An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one state but need not be admitted to practice in the District of Maine and need not file the certification required of visiting lawyers by Local Rule 83.1(c) unless he/she is appearing generally in the case on behalf of a party.  By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.~~

4

~~Room" procedure may be used at the election of the producing party~~**Fair Use of Documents Designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.** This Order shall not be construed to prevent any party from making use of documents designated as **CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER** that **(a)** were lawfully in that party's possession prior to the production by the producing party, **(b)** are otherwise or become publicly available, **(c)** were or are hereafter independently obtained from a source or sources having the lawful right to disclose such information, or **(d)** are exempted from the operation of this Order by express written consent of the party or third party producing such **CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER** information.

> ~~**(a) Reading Room Review.** Documents may be produced for review at a party's facility or other physical or electronic controlled location ("Reading Room") prior to designation as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. After review of the documents, the party seeking discovery may specify those for which copies are requested. If the producing party elects to designate any documents CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, the copies shall be so marked prior to further production.~~
>
> ~~**(b) No Waiver of Confidentiality.** The production of documents for review within the Reading Room shall not be deemed a waiver of any claim of confidentiality, so long as the reviewing parties are advised that pursuant to this Order the Reading Room may contain confidential~~

~~documents that have not yet been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.~~

~~**(c) Treatment of Produced Documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** The reviewing party shall treat all documents reviewed in the Reading Room as designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER at the time reviewed. Documents copied and produced from the Reading Room that are not designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER are not subject to this Order.~~

~~**(d) Production of Documents.** Unless otherwise agreed or ordered, copies of Reading Room documents shall be produced within thirty days after the request for copies is made. Production may be made by providing electronic copies of the documents so long as copies reasonably as legible as the originals may be produced therefrom.~~

~~**5. Depositions.** Deposition~~**5. Depositions.** <u>In the event of any depositions conducted during the course of any enforcement proceeding or other proceeding in connection with this action, such deposition</u> testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be <u>specific as to the portions</u> to be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Depositions, in whole or in part, shall be designated on the record as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER at the time of the deposition. Deposition testimony so

designated shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until seven (7) days after delivery of the transcript by the court reporter.  Within seven (7) days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.  Thereafter, those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pending objection under the terms of this Order.  The failure to serve a Notice of Designation shall waive the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation made on the record of the deposition.  If deposition excerpts have not been designated as confidential pursuant to this ~~order~~Order, they are not to be treated as sealed documents when filed with the court.

**6. Protection of Confidential Material.**

**(a) General Protections.**  Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 6(b) for any purpose whatsoever other than to ~~prepare for and to conduct discovery and trial in this action [adversary proceeding], including any appeal thereof.~~  **~~[INCLUDE IN PUTATIVE CLASS ACTION CASE:~~**  ~~The parties shall not disclose documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified.]~~comply with, further implement, or enforce the Settlement Agreement.

**(b) Limited Third-Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO

7

PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(6).  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

**(1) Counsel.**  Counsel for the parties and ~~employees of counsel who have responsibility for the preparation~~their investigative, paralegal and ~~trial of the action;~~ support staff, and individuals contracted to perform investigative, paralegal, or support functions;

**(2) Parties.**  Parties ~~and~~, employees, and contractors of a party to this Order ~~[OPTIONAL:  If the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents contain trade secrets or other competitive, personnel or confidential information and disclosure to another party could be harmful to the disclosing party, then add language: but only to the extent counsel determines that the specifically named individual party or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed]~~.;

**(3) Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;

**(4) Contractors.**  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound~~.~~;

8

**(5) Consultants and Experts.** Consultants, investigators, or experts, including the Independent Reviewer (hereinafter referred to collectively as "experts") employed or engaged by the parties or counsel for the parties to assist in the ~~preparation and trial~~further implementation or enforcement of ~~this action [adversary proceeding]~~the Settlement Agreement, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(6) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c) Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for ~~a period of six years from the date of signing~~the duration of the Settlement Agreement.

**(d) Copies.** Prior to production to ~~another~~a party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to

9

the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(e) Documents Produced by Third Parties**. The provisions of this Order shall extend to documents produced by third parties, including but not limited to any entity that operates under contract or by grant of the State, provided any such third party completes the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Except as otherwise provided by this Order, third parties that produce documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order are not entitled to other documents so designated under this Order.

**7. Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents**. Before any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER is filed with the Clerk the party (or third party) filing the document shall make reasonable efforts to ensure that the document is protected from public disclosure or has been redacted to remove ~~nonessential~~ confidential information. The filing party shall first consult with the party (or third party) which originally designated the document as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party~~,~~ (or third party), a redacted document may be filed with the Court not under seal. Where agreement is not possible or adequate, a confidential document may be electronically filed under seal only in accordance with Local Rule 7A. Other than motions to seal and memoranda governed by Local Rule 7A, if the confidential contents of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

10

documents are incorporated into memoranda or other pleadings filed with the court, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of the contents of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents and shall be filed with the Clerk. The confidential version shall be a full and complete version of the pleading, including any exhibits which the party (or third party) maintains should be under seal and shall be filed with the Clerk attached to a motion to seal filed in accordance with Local Rule 7A. The public version shall plainly indicate the exhibits (both by number and description of the exhibit) that have been filed under seal with the confidential version. In the event the confidential exhibit must be filed under seal because the parties cannot reach agreement on redaction, the filing party, if not the party (or third party) seeking to maintain confidentiality status, shall describe the document and give it an Exhibit Number, indicating that it will be filed separately under seal by the opposing party. The party (or third party) seeking to maintain confidential status shall file a motion to seal in accordance with Local Rule 7A within three (3) business days of the filing of the opposing party's pleading. Failure to file a timely motion to seal could result in the pleading/exhibit being unsealed by the court without further notice or hearing.

8. **No Greater Protection of Specific Documents.** No party may withhold information ~~from discovery~~ on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party ~~or non-party (hereafter "party").~~. The following procedure shall apply to any such challenge.

11

(a) **Objection to Confidentiality.** Within 30 days of the receipt of any document designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER ~~or of the refusal to produce a document on the ground of such designation~~, a party may serve upon the designating party (or designating third party) an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to which an objection has been made shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until designated otherwise by waiver, agreement or order of the Court.

(b) **Obligation to Meet and Confer.** The objecting party and the party (or third party) which designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

(c) **Obligation to File Motion.** If the ~~parties~~ objecting party and the party (or third party) cannot reach agreement as to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER~~, for the purpose of discovery~~, the designating party shall file within 30 days of the service of the objection a motion to retain the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. The moving party has the burden to show good cause for the CONFIDENTIAL - SUBJECT

12

TO PROTECTIVE ORDER designation. The failure to file the motion waives the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation of documents to which an objection was made, but the fact that the parties have agreed that the document will remain confidential for all purposes other than use in court does not mean that the item will necessarily be ordered sealed by the Court, even in the absence of objection by the opposing party

10. **Action by the Court.** Applications to the Court for an order relating to documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents ~~produced in discovery or at trial.~~ .

11. **Use of Confidential Documents or Information at ~~Trial.~~a Court Hearing.** A party which intends to present or which anticipates that another party may present at ~~trial~~a court hearing CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom shall identify the issue, not the information, in ~~the pretrial memorandum.~~a court filing in advance of the hearing. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at ~~trial.~~ the hearing.

12. **Obligations on ~~Conclusion~~Termination of ~~Litigation~~Settlement Agreement.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall ~~remain in force after dismissal or entry~~survive termination of ~~final judgment not subject to further appeal~~this action.

(b) **~~Return~~Destruction of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.** Within ~~thirty~~30 days after ~~dismissal or entry of final~~

13

~~judgment not subject to further appeal~~the Settlement Agreement is terminated, all documents designated or treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 6(d), shall be ~~returned to the producing party~~ destroyed unless~~:   (1)~~ the document has been offered into evidence or filed without restriction as to disclosure~~; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.~~.  Notwithstanding ~~the above requirements to return or destroy documents, counsel may~~ this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, ~~including an index which refers or relates~~and consultant and expert work product, even if such materials contain, refer, or relate to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER~~, so long as that work product~~.  This Order does not ~~duplicate verbatim substantial portions~~displace or override applicable regulatory and statutory obligations regarding record retention and maintenance or disclosure or otherwise require a party or third party to destroy documents it produced under this Order.  Nor does this provision require the Party to manually delete any data from disaster recovery or backup systems even if that data may contain copies or fragments of such materials until it is overwritten or destroyed in the ordinary course of ~~the text or images of confidential documents.  This work~~

14

~~product~~records management.  Such material shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents.

**(c)  Deletion of Documents Filed ~~under~~Under Seal from ECF System.**  Filings under seal shall be deleted from the ECF system only upon order of the Court.

**13.  Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.  Motions to modify this Order shall be served and filed under Local Rule 7.

**14.  No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating ~~discovery.~~ implementation and enforcement of the Settlement Agreement.  Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel ~~of~~, the parties, or any third party is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**15.  Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated: _____          _____
U.S. District Judge
~~U.S. Magistrate Judge~~
~~U.S. Bankruptcy Judge~~

~~[Delete signature blocks if not wholly by consent]~~

~~WE SO MOVE~~                               ~~WE SO MOVE~~
~~and agree to abide by the~~                ~~and agree to abide by the~~
~~terms of this Order~~                      ~~terms of this Order~~

_____               _____
~~Signature~~                                ~~Signature~~

_____               _____
~~Printed Name~~                             ~~Printed Name~~

~~Counsel for:~~ _____               ~~Counsel for:~~ _____

~~Dated:~~ _____                ~~Dated:~~ _____

16

**WE SO MOVE
and agree to abide by the
terms of this Order**

REBECCA B. BOND
Chief

ANNE S. RAISH
Principal Deputy Chief

JENNIFER K. MCDANNELL
Deputy Chief

/s/ Victoria Thomas
VICTORIA THOMAS
MARGARET GIRARD
DANIELLE ROSENTHAL
Trial Attorneys
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 353-5137
Facsimile: (202) 307-1197
victoria.thomas@usdoj.gov

*Counsel for Plaintiff United States of America*

**WE SO MOVE
and agree to abide by the
terms of this Order**

AARON M. FREY
Attorney General, State of Maine

THOMAS A. KNOWLTON
Deputy Attorney General
Chief, Litigation Division
thomas.a.knowlton@maine.gov

/s/ Kimberly L. Patwardhan
KIMBERLY L. PATWARDHAN
Assistant Attorney General
kimberly.patwardhan@maine.gov

Office of the Maine Attorney General
6 State House Station
Augusta ME 04333-0006
Telephone: (207) 626-8880
Facsimile: (207) 287-3145

*Counsel for Defendant State of Maine*

ATTACHMENT A

~~UNITED STATES DISTRICT COURT~~
~~DISTRICT OF MAINE~~

|  |  |
|---|---|
| ~~Plaintiff~~ | ~~) Civil No.~~ |
| ~~Defendant~~ | ~~)~~ |

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) **Civil Action No.: 1:24-cv-00315-SDN** |
| **v.** | ) |
| **THE STATE OF MAINE,** | ) |
| **Defendant.** | ) |

**ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that ~~he/she has~~ they have read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, ~~understands~~ understand the terms thereof, and ~~agrees~~ agree to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Maine in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate ~~him/her~~ them to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely

for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____  _____
                                              Signature

2