UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

UNITED STATES OF AMERICA,

        *Plaintiff,*

v.

STATE OF MAINE,

        *Defendant.*

Case No. 1:24-cv-00315-SDN

### DISABILITY RIGHTS MAINE, AMERICAN CIVIL LIBERTIES UNION OF MAINE, GLAD LAW, AND CENTER FOR PUBLIC REPRESENTATION'S REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE AN AMICUS BRIEF

Disability Rights Maine ("DRM"), American Civil Liberties Union ("ACLU") of Maine, GLAD Law ("GLAD"), and the Center for Public Representation ("CPR") (together, "the Coalition") had reason to believe that the United States and Maine will seek to modify their Court-approved Settlement Agreement. *See* ECF No. 24 at 3. The Coalition thus notified the Court that it wished to participate in this case if the United States and Maine, in fact, stepped away from the Agreement that should ensure Maine comes into compliance with the Americans with Disabilities Act (ADA). The United States and Maine have since responded. *See* ECF Nos. 28, 29.[1] Neither party denied that they intend to seek modification, which could alter key requirements of the Agreement. Nor has either party acknowledged the scope or the potential impact of that modification. Given the members' experience and the importance of the issues at stake, the Coalition respectfully requests that the Court grant it leave to file an amicus brief within two weeks of any motion to modify the Settlement Agreement.[2]

---

[1] On July 29, 2025, the Court converted the notice to a motion for leave to file an amicus brief. ECF No. 25.

[2] In their responses, the United States and Maine did not take a position on the Coalition filing an amicus brief in response to a motion to modify the Agreement. *See* ECF Nos. 28 at 8 n.3, 29 at 3. On August 27, the Coalition requested the parties' consent to file such a brief. Counsel for the State has informed the Coalition that they neither oppose nor consent to the Coalition's request; counsel for the United States has not provided a response.

1

It is within this court's sound discretion to accept a party's request to file an amicus brief. *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970); *Portland Pipe Line Corp. v. S. Portland*, 2017 WL 79948, at *6 (D. Me. Jan. 9, 2017) (granting motion for leave to file an amicus brief). Granting leave is especially appropriate when "there is an issue of general public interest, the amicus provides supplemental assistance to existing counsel, or the amicus insures a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *All. of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 307 (D. Me. 2003).

This case concerns Maine's longstanding failure to provide children with necessary behavioral health services in their homes and communities in violation of the ADA. The Settlement Agreement, if faithfully implemented, will ensure Maine's children receive the services to which they are entitled by law in the most integrated setting appropriate for their needs, preventing unnecessary and prolonged institutionalization. *See Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 600 (1999). However, modification could significantly undermine the purpose of the Agreement including the intended development of: (1) a comprehensive remedial plan to correct underlying violations; (2) methodologies to adequately monitor ongoing implementation; and (3) independent reporting and data collection measures to assess compliance. In particular, any modification with respect to the Independent Reviewer's role would jeopardize the Court's capacity to assess compliance, impede transparency, and make it more difficult for the parties to recognize and address systemic obstacles to implementation.

The Coalition members have been actively engaged on these issues for years, including the representation of individual children and families by Disability Rights Maine in its capacity as the State's federally mandated Protection and Advocacy system. The Coalition also has decades of experience overseeing the implementation of large-scale systemic reform initiatives, including the implementation of similar agreements in other States. *See* ECF No. 24 at 2 & Add. A. In an amicus brief, the Coalition would bring this experience to bear to aid the Court as it weighs the impact of any proposed modification of the Settlement Agreement.

Other courts have welcomed amicus filings in similar cases this year. *See, e.g.*, *Bureau of Consumer Fin. Prot. v. Townstone Fin., Inc.*, 2025 WL 2017118, at *7 (N.D. Ill. June 12, 2025) (granting non-profits leave to file amicus brief opposing uncontested motion to terminate stipulated judgment prohibiting mortgage lender from discouraging Black prospective applicants from applying for mortgage loans); *United States v. Essa Bank & Tr.*, 2025 WL 2087776 (E.D. Pa. July 23, 2025) (granting non-profits leave to file amicus brief opposing uncontested motion to vacate consent decree barring redlining); *United States v. Louisville Jefferson County Metro Government*, 3:24-cv-00722 BJB-RSE (granting coalition motion for permission to file amicus brief and to appear at subsequent hearings following the U.S. Department of Justice's request to dismiss its proposed consent decree).

At this stage, the Court need not address the United States's and Maine's opposition to the Coalition intervening or serving as amicus-plus. The Coalition's request at this time is only for the Court to grant it leave to file an amicus brief in response to any motion to modify the Settlement Agreement. If it becomes necessary for the Coalition to seek a larger role in the case, it will file a timely motion for the Court's consideration.

*    *    *

For these reasons, and those identified in the notice (ECF No. 24), the Court should grant the Coalition leave to file an amicus brief within two weeks of the United States or Maine seeking the Court's approval to modify the Settlement Agreement.

Dated:  September 2, 2025                    Respectfully submitted,

*/s/* Corin R. Swift
Corin R. Swift (M.E. Bar No. 009805)
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Washington, DC 20005
(212) 839-5381
corin.swift@sidley.com

Christopher A. Eiswerth (admitted *pro hac vice*)
Lakeisha F. Mays (admitted *pro hac vice*)
Sidley Austin LLP
1501 K St NW
Washington, DC 20005
(202) 736-8000
ceiswerth@sidley.com
lakeisha.mays@sidley.com

*Counsel for Disability Rights Maine*

/s/ Carol J. Garvan
Carol J. Garvan
American Civil Liberties Union of Maine Foundation
PO Box 7860
207-619-8687
Portland, Maine 04112
*cgarvan@aclumaine.org*

/s/ Anahita D. Sotoohi
Anahita D. Sotoohi
American Civil Liberties Union of Maine Foundation
PO Box 7860
Portland, Maine 04112
(207) 613-4350
*asotoohi@aclumaine.org*

/s/ Zachary L. Heiden
Zachary L. Heiden
American Civil Liberties Union of Maine Foundation
P.O. Box 7860
Portland, ME 04112
207-619-6224
zheiden@aclumaine.org

*Counsel for American Civil Liberties Union of Maine*

4

/s/ Mary L. Bonauto
Mary L. Bonauto
Hannah Hussey
GLAD Law
257 Deering Ave.
Portland, ME 04103
(617) 426-1350
mbonauto@gladlaw.org
hhussey@gladlaw.org

*Counsel for GLAD Law*

/s/ Kathryn Rucker
Kathryn Rucker
Steven Schwartz
Center for Public Representation
5 Ferry Street, Suite 314
Easthampton, MA. 01027
krucker@cpr-ma.org
sschwartz@cpr-ma.org

*Counsel for Center for Public Representation*