UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:24-cv-00315-SDN |
| STATE OF MAINE, | ) ) ) | |
| Defendant. | ) | |

**ORDER GRANTING LEAVE TO FILE AMICUS BRIEF**

On July 28, 2025, four nonparty organizations—Disability Rights Maine, the American Civil Liberties Union of Maine, GLAD Law, and the Center for Public Representation (collectively "the Coalition")—filed a motion for leave to file an amicus brief in this matter. ECF No. 24.

## I. Background

In September 2024, the United States brought this matter against the State of Maine, seeking to "enforce the rights of Maine children with behavioral health disabilities who are unnecessarily segregated—or at serious risk of segregation—in institutions because Maine has failed to provide them access to the behavioral health services they need in the community." ECF No. 1 at 1. On November 26, 2024, the parties reached a Settlement Agreement and jointly moved to dismiss the action and for this Court to retain jurisdiction over the matter in order to enforce the Agreement. ECF No. 17. I granted the motion to dismiss and to retain jurisdiction over the Settlement Agreement, *see* ECF No. 20-1 (Settlement Agreement), and entered a judgment of dismissal, ECF No. 21. Among many other provisions, the November 2024 Settlement Agreement included a provision for an "independent reviewer" to "gather, analyze, and report on information

1

and data reflecting the State's progress in complying with all sections of this [Settlement] Agreement." ECF No. 20-1 at 25.

Seven months later, on July 28, 2025, the Coalition filed the instant motion for leave to file an amicus brief. ECF No. 24; ECF No. 25 (construing the motion as a motion for leave to file an amicus brief rather than as one for intervention). The Coalition contends in its motion that it has "recently learned that the United States and the State intend to seek modification of the Settlement Agreement, including potentially eliminating the Independent Reviewer position." ECF No. 24 at 3. According to the Coalition, it seeks "an opportunity to address any proposed changes" to the Agreement, including any potential changes to the Independent Reviewer position. *Id*. at 4.

On August 18, 2025, both the United States and the State filed responses to the Coalition's motion. ECF Nos. 28, 29. Neither party opposed granting the Coalition leave to file an amicus brief. *See generally* ECF Nos. 28, 29; *see also* ECF No. 30 at 1 n.2 ("On August 27, the Coalition requested the parties' consent to file such a brief. Counsel for the State has informed the Coalition that they neither oppose nor consent to the Coalition's request; counsel for the United States has not provided a response.").

On September 2, 2025, the Coalition filed its reply to the parties' responses. ECF No. 30. The same day, the parties filed a joint motion to amend the Settlement Agreement. ECF No. 31. The Proposed Amended Agreement purports to remove the Independent Reviewer position, among other changes. *See* ECF No. 31-2 at 25–29.

## II.  The Coalition

The four organizations that compose the Coalition attest in their motion to collectively "hav[ing] decades of experience enforcing federal disability law and advocating for marginalized groups, including children with behavioral health

disabilities." ECF No. 24 at 1. Disability Rights Maine in particular touts the fact that its "careful monitoring of Maine's behavioral health care system resulted in the 2019 complaint alleging violations of the Americans with Disabilities Act (ADA), which sparked the United States's investigation, finding of violations, and ultimately this lawsuit." *Id.* at 2. Both the Proposed Amended Agreement and the original Settlement Agreement establish that the State shall consult with Disability Rights Maine and other community stakeholders on a regular basis in order to "receive feedback on the State's progress." ECF No. 31-2 at 21 (Proposed Amended Agreement); ECF No. 17-2 at 21 (Settlement Agreement).

### III.   Discussion

Federal Rule of Appellate Procedure 29 governs amicus filings, but it is silent as to the considerations a district court must undertake in deciding whether to grant a party leave to file an amicus brief. *See* Fed. R. App. P. 29(b)(2) ("Any other amicus curiae may file a brief only by leave of court."); *All. of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 306 (D. Me. 2003) ("[T]he Federal Rules of Civil Procedure are silent as to the conditions under which a *trial court* should permit amicus appearances . . . ." (emphasis added)). The First Circuit has explained that "the acceptance of amicus briefs is within the sound discretion of the court." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970). But it has also urged caution in accepting amicus briefing. *Id.* ("[W]e believe a district court lacking joint consent of the parties should go slow in accepting . . . an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance.").

In weighing whether to grant amicus status, courts in this circuit have considered whether "there is an issue of general public interest, the amicus provides supplemental assistance to existing counsel, or the amicus insures a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Gwadowsky*, 297 F. Supp. 2d at 307 (quotation modified); *Portland Pipe Line Corp. v. City of S. Portland*, No. 15-CV-00054, 2017 WL 79948, at *5 (D. Me. Jan. 9, 2017) (same); *United States v. Keleher*, 475 F. Supp. 3d 80, 85 (D.P.R. 2020). There is no dispute here that the health and wellbeing of Maine's children are of the utmost importance and are in the public's interest.

I also am persuaded by then-Judge (now Justice) Alito's analysis of motions for leave to file amicus briefs, "who essentially suggested that, assuming the other criteria are met, the court could grant the motion for leave to file an amicus brief and take the brief for what it is worth." *Portland Pipe Line Corp.*, 2017 WL 79948, at *5 (citing *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.) ("[A] broad reading [of Rule 29(b)(2)] is prudent.")). As Judge Alito explained in *Neonatology Associates*, "it is frequently hard to tell whether an amicus brief adds anything useful to the briefs of the parties without thoroughly studying those briefs and other pertinent materials, and it is often not feasible to do this in connection with the motion for leave to file." *Neonatology Assocs.*, 293 F.3d at 132–33. That is particularly true here, where the Coalition's motion for leave to file was docketed before the Proposed Amended Agreement was submitted to this Court. *See also Animal Prot. Inst. v. Martin*, No. CV-06-128 BW, 2007 WL 647567, at *3 (D. Me. Feb. 23, 2007) ("If denied, the court may be deprived of the advantage of a good brief, but if granted, the court can readily decide for itself whether the brief is beneficial.").

I acknowledge that, as the parties point out, both the United States and the State of Maine are extremely knowledgeable about the issues at hand. Nonetheless, the motion to amend the Settlement Agreement is a joint motion submitted by both parties to the litigation. As such, any opposition to or comments on the details of the Proposed Amended Agreement are unrepresented by the existing parties. As Judge Alito noted, "an amicus brief may be particularly helpful when the party supported is unrepresented or inadequately represented." *Neonatology Assocs.*, 293 F.3d at 132 (emphasis omitted). Although here neither party is unrepresented, it may be beneficial to the Court to receive well-reasoned arguments on the proposed amendments. *See also Penn. Env't Def. Found. v. Bellefonte Borough*, 718 F. Supp. 431, 435 (M.D. Pa. 1989) ("Were we not permitted to consider the United States's comments to the proposed consent decree in this case, we would be deprived of an adversarial presentation as to the propriety of approving the proposed consent decree.").

The case at hand involves complicated questions of public policy, behavioral health, and medical treatment under the Americans with Disabilities Act. As my colleague Judge Woodcock explained in another case in which he granted amici leave to file, "the Court views the amici briefs as desirable because they represent third parties whose particular interests may be affected by the Court's ruling and whose particular interests are echoed in broader public interests." *Portland Pipe Line Corp.*, 2017 WL 79948, at *5. The organizations that compose the Coalition have specialized knowledge in this space and may "help guide [this] Court to the correct decision." *Id*. at *6. However, I caution the Coalition not to "infuse external facts into the Court's consideration" which have not already been briefed by the parties. *Id*.

5

Accordingly, I **GRANT** the Coalition's motion for leave to file an amicus brief. ECF No 24. The Coalition shall file such brief by September 17, 2025. If either the Plaintiff or Defendant wishes to file a response to the amicus brief, the responding party must do so by October 1, 2025.

**SO ORDERED.**

Dated this 5th day of September, 2025.

>                    /s/ Stacey D. Neumann
>                    **UNITED STATES DISTRICT JUDGE**