UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:24-cv-00315-SDN |
| STATE OF MAINE, | ) ) ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR STAY**

    This matter comes before the Court as prompted by a lapse in appropriations by the federal government, otherwise referred to as a "government shutdown," which suspended funding for the Department of Justice ("the Department") by the end of the day on September 30, 2025. On October 1, 2025, the Plaintiff United States of America filed the instant motion, ECF No. 42, requesting a stay in proceedings, responding to filing deadlines, and in appearances by the United States in Court. The United States did not request a stay of any compliance deadlines as enumerated in the operative Settlement Agreement. *See* ECF No. 20-1 (Settlement Agreement). On October 6, 2025, the Defendant State of Maine filed its response in partial opposition to the motion to stay, ECF No. 44, arguing that any delay would inhibit this Court from issuing a ruling on the joint motion to modify the Settlement Agreement, *see* ECF No. 31 (Joint Motion). For the reasons that follow, the Court denies the United States' motion to stay the proceedings.

**I. Background**

    In September 2024, the United States brought this matter against the State of Maine, seeking to "enforce the rights of Maine children with behavioral health disabilities who are unnecessarily segregated—or at serious risk of segregation—in institutions

1

because Maine has failed to provide them access to the behavioral health services they need in the community." ECF No. 1 at 1. On November 26, 2024, the parties reached a Settlement Agreement and jointly moved to dismiss the action and for this Court to retain jurisdiction over the matter in order to enforce the Agreement. ECF No. 17. I granted the motion to dismiss and to retain jurisdiction over the Settlement Agreement, *see* ECF No. 20-1, and entered a judgment of dismissal, ECF No. 21.

On September 2, 2025, both parties filed a joint motion to amend the Settlement Agreement, purporting to make several changes to the Agreement, including to remove the "Independent Reviewer" position. *See* ECF No. 31-1 (Proposed Modified Agreement). Four organizations—Disability Rights Maine, the American Civil Liberties Union of Maine, GLAD Law, and the Center for Public Representation (collectively "the Coalition")—filed a motion for leave to file an amicus brief in opposition to the Modified Agreement, ECF No. 24, which I granted on September 5, 2025, ECF No. 35. On September 17, 2025, the Coalition filed its amicus brief outlining its opposition to the Modified Agreement. ECF No. 37. Both the United States and the State of Maine filed responses in opposition to the Coalition's brief. ECF Nos. 41, 43.

The Settlement Agreement which is currently in effect, ECF No. 20-1, establishes, among other things, a position of an Independent Reviewer to oversee and monitor the State's compliance with the Settlement Agreement, ECF No. 20-1 at XI. Although the Agreement does not enumerate specific dates for implementation, it states that "[t]he Parties will select an Independent Reviewer within four months of the Effective Date [of the Settlement Agreement]." *Id.* at XI.A.1. The Proposed Modified Agreement, however, disposes of the Independent Reviewer position and requires the State to "begin

2

developing an Implementation Plan [of the settlement terms], which must be finalized on or before November 1, 2025." ECF No. 31-1 at IX.B.

In its response opposing the stay of the proceedings, the State of Maine explained that it is operating under the "deadlines and timelines . . . and requirements of the Modified Agreement," including the November 1, 2025, deadline for the Implementation Plan. ECF No. 44 at 4. It thus urges the Court to issue its ruling on the joint motion to amend the Agreement before the November 1, 2025, deadline and argues that staying the proceedings would prevent this Court from ruling on the joint motion.[1] *Id.* at 3. In turn, the United States argues that due to the lapse in appropriations caused by the government shutdown, "Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances." ECF No. 42 at 1 (citing 31 U.S.C. § 1342). The United States seeks an indefinite pause in the instant proceedings until the Department of Justice is again funded. *Id.* at 2.

## II.   Analysis

This Court has the inherent power to manage its docket by staying proceedings. *See Marquis v. FDIC*, 965 F.2d 1148, 1154 (1st Cir. 1992) ("It is beyond cavil that, absent a statute or rule to the contrary, federal district courts possess the inherent power to stay pending litigation . . . ."). The Court still is required, however, to ensure that there is "good cause" for a stay's issuance, that it is "reasonable in duration," and that "competing equities are weighed and balanced." *Id.* at 1155.

---

[1] Both parties agree the Court may stay any part of the proceedings *not* related to the Proposed Modified Agreement or the Settlement Agreement compliance deadlines. ECF Nos. 41 at 1, ECF No. 44 at 2–3.

Due to the application of the Antideficiency Act, 31 U.S.C. § 1342,[2] which is operative during this government shutdown, the Department has stated that it will continue only certain enumerated litigation activities, including all criminal functions, but excluding most civil litigation. *See* U.S. Dep't of Just., *FY 2026 Contingency Plan* (Sept. 29, 2025), at 1, https://www.justice.gov/jmd/media/1377216/dl ("Contingency Plan"). The Contingency Plan further provides, however, that "[i]f a court denies such a request [for a stay pending the shutdown] and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." *Id.* at 3.

Here, the parties have just completed briefing on a complicated issue pertaining to the modification of a highly impactful Settlement Agreement, and the modification is opposed by the Coalition, which also briefed the issue. As the State of Maine points out, the Court's decision to either grant or deny the Proposed Modified Agreement will have cascading effects on the State's ability to provide medical services to juveniles and the conditions under which it must do so. ECF No. 44 at 4–5. On the other hand, the Court is cognizant that denial of the United States' motion could require Department attorneys to work on this case without pay.

Under the circumstances, including weighing the competing equities at play, I decline the United States' motion to stay the proceedings. This decision is in no small part predicated on the Department's own guidance that its attorneys may continue working on a case if so ordered by a court. Contingency Plan at 3. Nor has the United States identified

---

[2] The Antideficiency Act provides in relevant part, "An officer or employee of the United States Government or of the District of Columbia government may not accept voluntary services for either government or employ personal services exceeding that authorized by law except for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

good cause—beyond the lack of appropriations—to justify staying the case. *See Lehman v. U.S. Dep't of Lab.*, No. 25-11846, 2025 WL 2808472, at *2 (E.D. Mich. Oct. 2, 2025) (denying the motion for a stay because "the government has not established good grounds for . . . a stay"). Because the health and wellbeing of Maine's youth are significantly impacted by the outcome in this case, it is appropriate at this time to allow the litigation concerning the Proposed Modified Agreement to proceed as scheduled.

Therefore, the Court **DENIES** the United States' motion for a stay of proceedings. ECF No. 42.

**SO ORDERED.**

Dated this 9th day of October, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**